IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**UNITED STATES OF AMERICA**

v.                                                                Criminal No. 2:11-cr-00016

**CHRISTOPHER SPRINGFIELD**

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Christopher Springfield, submits this memorandum outlining the 18 U.S.C. §3553(a) factors for the Court's consideration at his upcoming July 20, 2011 sentencing hearing:

**A.    Legal Objections:**

Mr. Springfield has no objections to the probation officer's calculation of his offense level or criminal history score for the advisory guideline range.  Mr. Springfield previously pled guilty to the offense of possession with the intent to distribute 28 grams or more of crack cocaine.  (PSR, Paragraph 4).  Mr. Springfield's guilty plea subjects him to a mandatory minimum sentence of five years imprisonment.  As Mr. Springfield qualifies for a three offense level reduction for acceptance of responsibility, the final base offense level is 23.  (PSR, Paragraph 28).  Mr. Springfield's criminal history score includes 13 points, which places him in Criminal History Category VI.  (PSR, Paragraph 41).  The corresponding advisory guideline range is 92 to 115 months, which falls within Zone D of the Sentencing Table.  (PSR, Paragraph 62).

**B.    18 U.S.C. §3553(a) Factors for Consideration:**

The advisory guideline range of 92 to 115 months would suggest a term of

imprisonment that would be significantly greater than necessary for the purposes of fairly punishing Mr. Springfield for his criminal conduct. This Court should consider a downward departure under U.S.S.G. §4A1.3(b) where Mr. Springfield's thirteen criminal history points over represents the severity of Mr. Springfield's numerous prior convictions for drug offenses involving small quantities of crack cocaine. Mr. Springfield's prior record would also be a factor for a variance under 18 U.S.C. §3553(a)(6) in order to avoid unwarranted sentencing disparities among defendants with similar records. This Court should also take into consideration that a 10 to 1 ratio, as opposed to the Guidelines' suggested 18 to 1 ratio, should be used to determine the starting base offense level for crack cocaine offenses. Mr. Springfield would request this Court consider the following factors which support the suggested downward departure and/or a variance for an imposed sentence near 60 months, the statutory mandatory minimum sentence for the offense of conviction:

(1) U.S.S.G. §4A1.3(b) provides for consideration for a downward departure where reliable information indicates that the defendant's criminal history category significantly over-represents the seriousness of the defendant's criminal history or the likelihood that he will commit other crimes. A review of the charging documents involved with Mr. Springfield's prior Ohio drug convictions listed in Paragraphs 32, 33, 35 and 36 of the PSR show that several of these felony convictions involved relatively small amounts of crack cocaine.[1] The following chart identifies those convictions where the charged amount was less than one gram of crack cocaine:

---

[1] Copies of the indictments filed in each of these Cuyahoga County Common Pleas cases have been attached as Exhibit A.

2

| PSR § | Offense | Imposed Sentence | Criminal History Points |
|---|---|---|---|
| 32 | 2/28/00 Possession of Drugs | Community Control which was later revoked with 6 month term of imprisonment | 2 pts. |
| 35 | 1/9/02 Trafficking Drugs | Community Control which was later revoked with 11 month term of imprisonment | 2 pts. |
| 36 | 8/27/02 Possession of Drugs | 11 month term of imprisonment | 2 pts. |

  Mr. Springfield was assessed two criminal history points for attempted possession of drugs which involved between one to five grams of crack cocaine.  (PSR, Paragraph 33).  This was the offense which resulted in the revocation of Mr. Springfield's "community control" probationary status and the imposition of a concurrent six month sentence for the possession offense noted in Paragraph 32.   Mr. Springfield received two criminal history points for possessing an uncharged weight of PCP, although he was initially charged with possessing less than one gram of crack cocaine.  (PSR, Paragraph 38).

  A strict application of the criminal history counting rules would place Mr. Springfield in Criminal History Category VI, which would normally be reserved for persons considered to be career offenders or persons convicted of multiple violent felony offenses.  Mr. Springfield does not fall within that classification of offenders as he does not have any prior convictions or arrests for any crime of violence in his record.  The longest imposed sentence which Mr. Springfield has previously served was 17 months for carrying a concealed handgun.  (PSR, Paragraph 39).  Mr. Springfield's history for convictions for possession of user level amounts of crack cocaine is consistent with someone having a

lifelong addiction to crack cocaine (PSR, Paragraphs 55 and 56). Eight of Mr. Springfield's thirteen criminal history points involve drug offenses involving relatively small amounts of crack or PCP. (Paragraphs 32, 35, 36, 38). These offenses also occurred when Mr. Springfield was in his early stages of adulthood (ages 18 and 20). It seems unduly harsh to assess two criminal history points each time that Mr. Springfield possessed less than a gram of crack cocaine and when such conduct, under West Virginia law, would normally be considered as a misdemeanor offense. See W.Va. Code § 60A-4-401(c). See Exhibit B.

The Court can resolve this unfair calculus by determining an alternative criminal history score which assesses one point for the three offenses involving Mr. Springfield's possession of less than one gram of crack cocaine (PSR, Paragraphs 32, 35, and 36) and one criminal history point for the possession offense identified in Paragraph 38. This would reduce Mr. Springfield's criminal history score to 9 points and would place him in Category IV. This category would more fairly represent the nature and seriousness of Mr. Springfield's past convictions. The corresponding guideline range for an offense level of 23 at Criminal History Category IV would be 70 to 87 months.

(2) This Court should take into consideration that the November 1, 2010 edition of the Sentencing Guidelines still employs an 18 to 1 ratio with respect to crack/powder offenses in the determination of the starting base offense level. While this ratio represents a significant improvement from the previous 100 to 1 ratio, the new figure appears to have been based upon a political compromise between proponents of those seeking a complete elimination of the ratio with those who wanted some form of higher punishment. See United States v. Williams, 2011 U.S. Dist LEXIS 48599, *53 (N.D. Iowa, 2011). See Exhibit C.

As such, this Court remains free to not follow the policy determination made by the Sentencing Commission and adopt a different ratio. Judge John T. Copenhaver, Jr. and Judge Robert C. Chambers have recently used a lower ratio of 10 to 1 to determine the starting base offense level in crack cocaine sentencings.[2] Judge Berger has also recognized that the crack/powder disparity warrants consideration for a variance sentence in crack cocaine cases; however, she has not specifically stated the ratio which she is using.[3] The use of a 10 to 1 ratio in Mr. Springfield's case would result in a lower starting base offense level of 22.[4] With a three level reduction for acceptance of responsibility, the final base offense level would become 19. With a criminal history category VI, the advisory guideline range would be 63 to 78 months. Using the alternative criminal history category of IV discussed above, the advisory guideline range would be 46 to 57 months. In any event, Mr. Springfield remains subject to a 60 month mandatory minimum sentence.

(3) The PSR reflects that Mr. Springfield has had a lifelong addiction to crack cocaine and marijuana and is in need of treatment for the same. (PSR, Paragraphs 54-56). Mr. Springfield would ask the Court to make a recommendation that he participate in the Bureau of Prison's intensive drug treatment program.

---

[2] Judge Copenhaver's cases include United States v. Carter, Crim. No. 2:10-00070; United States v. Webb, Crim. No. 2:10-00180; United States v. Starcher, Crim. No. 2:10-00023. Judge Chambers announced using a 10 to 1 ratio in United States v. Kelley, Crim. No. 3:10-00092.

[3] Judge Berger's cases include United States v. Martin, Crim. No. 1:10-00142; United States v. Graves, Crim. No. 1:10-00012; United States v. Gregory, Crim. No. 5:10-00031; United States v. Dickerson, Crim. No. 1:09-00275; United States v. Robinson, Crim. No.1:09-00169.

[4] This would be based upon a total relevant conduct of 365 grams of powder cocaine from the 36.5 grams of crack cocaine involved with the case.

**C.     Witnesses to be called for 18 U.S.C.§3553(a) factors**

The defendant has written a letter which will be forwarded to the Court. Counsel anticipates submitting other letters from family members for the Court's review by the end of the week.

**D.     Estimate of Time needed for Sentencing hearing**

Counsel anticipates that this hearing should take no longer than thirty minutes.

Respectfully submitted this 13th day of July, 2011.

                                    **CHRISTOPHER SPRINGFIELD**

                                    **By Counsel**

**s/David R. Bungard**
**David R. Bungard Bar Number: 5739**
**Attorney for Defendant**
**Office of the Federal Public Defender**
**United States Courthouse**
**300 Virginia Street, East, Room 3400**
**Charleston, WV 25301**
**Telephone: (304) 347-3350**
**Facsimile: (304) 347-3356**
**E-mail: david_bungard@fd.org**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**UNITED STATES OF AMERICA**

v.     Criminal No. 2:11-cr-00016

**CHRISTOPHER SPRINGFIELD**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **DEFENDANT'S SENTENCING MEMORANDUM** has been electronically filed with the Clerk of Court this date using the CM/ECF system and served upon opposing counsel as follows:

**VIA CM/ECF:**   John J. Frail, AUSA
Office of the United States Attorney
United States Courthouse, Room 4000
300 Virginia Street East
Charleston, West Virginia 25301
Telephone:   (304) 345-2200
Facsimile:   (304) 347-5104
Email: john.frail@usdoj.gov

**DATE: July 13, 2011**        s/David R. Bungard
**David R. Bungard Bar Number: 5739**
**Attorney for Defendant**
**Office of the Federal Public Defender**
**United States Courthouse**
**300 Virginia Street, East, Room 3400**
**Charleston, WV 25301**
**Telephone: (304) 347-3350**
**Facsimile: (304) 347-3356**
**E-mail: david_bungard@fd.org**